UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA ELIZABETH GUNCAY JUELA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, DIAMONDBACK CORRECTIONAL FACILITY,<br><br>Respondent. | No. 2:26-cv-00870-DAD-EFB<br><br>ORDER <u>*SUA SPONTE* TRANSFERRING THIS ACTION TO THE WESTERN DISTRICT OF OKLAHOMA</u><br><br>(Doc. No. 3) |

On March 13, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* and motion for temporary restraining order. (Doc. Nos. 1, 3.) However, a review of the verified petition and motion for temporary restraining order reveals that petitioner is presently detained at the Diamondback Correctional Facility in Watonga, Oklahoma (Doc. No. 1 at 1) which lies in the Western District of Oklahoma.

"The federal courts are under an independent obligation to examine their own jurisdiction[.]" *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), *holding modified by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004). Where a district court lacks jurisdiction to preside over a case, it may *sua sponte* transfer the action to the court where jurisdiction is proper pursuant to 28 U.S.C. § 1631 where: (1) the transferor court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time that the action

1

1  was filed; and (3) transfer is in the interest of justice. *Kolek v. Engen*, 869 F.2d 1281 (9th Cir.
2  1989). "The federal transfer statute is applicable in habeas proceedings." *Cruz-Aguilera v. I.N.S.*,
3  245 F.3d 1070, 1074 (9th Cir. 2001).

4      Habeas jurisdiction lies only in the district of confinement. *Doe v. Garland*, 109 F.4th
5  1188, 1198 (9th Cir. 2024) (holding the district court's exercise of jurisdiction over an
6  immigration habeas petition was improper because the petitioner was confined in a different
7  district). Moreover, habeas jurisdiction is established at the time of filing. *Johnson v. Gill*, 883
8  F.3d 756, 761 (9th Cir. 2018) (holding that the petitioner's transfer to another facility did not
9  destroy the jurisdiction established at the time of filing). As to the first two factors, petitioner was
10 detained at the Diamondback Correctional Facility in Watonga, Oklahoma, which lies the
11 Western District of Oklahoma, when she filed the petition for writ of *habeas corpus*. As to the
12 third factor, because dismissal would unduly delay petitioner's action by forcing her to re-file the
13 petition and motion for temporary restraining order, the interests of justice warrant transferring
14 this action. *See Richitelli v. Shartle*, No. 15-cv-00410-TUC-RMB-PV, 2017 WL 5900072, at *3
15 (D. Ariz. Nov. 6, 2017), *report and recommendation adopted*, No. 15-cv-00410-TUC-RM, 2017
16 WL 5885468 (D. Ariz. Nov. 29, 2017). Therefore, all three factors are satisfied and a *sua sponte*
17 transfer of this action is appropriate under the circumstances.

18     Accordingly, for the reasons explained above, the Clerk of the Court is DIRECTED to
19 transfer this case to the Western District of Oklahoma.

20     IT IS SO ORDERED.

21 Dated: **March 13, 2026**

22                                       DALE A. DROZD
UNITED STATES DISTRICT JUDGE